UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| -v.- | AFFIRMATION |
| BRIAN LIAM FULLERTON, | 25 Mag. 1448 |
| Defendant. | |

STATE OF NEW YORK            )
COUNTY OF WESTCHESTER        : ss.:
SOUTHERN DISTRICT OF NEW YORK )

CARMI SCHICKLER, under penalty of perjury, hereby affirms as follows:

1.  I am an Assistant United States Attorney in the Southern District of New York. I submit this affirmation in support of an application for a fifth order of continuance of the time within which an indictment or information would otherwise have to be filed, pursuant to 18 U.S.C. § 3161(h)(7)(A).

BRIAN LIAM FULLERTON, the defendant, was charged with violations of 18 U.S.C. § 2251(a) and (e), in a complaint dated May 1, 2025. The defendant was presented before Magistrate Judge Judith C. McCarthy on May 2, 2025, and the defendant was released on the following conditions: $100,000.00 unsecured bond to be cosigned by two financially responsible persons; pretrial supervision as directed; travel restricted to the Southern and Eastern Districts of New York; surrender travel documents and make no new applications; obtain/maintain verifiable/stationary employment, PTS to approve work-site for computer access and access to minors; substance abuse testing and treatment as directed; home detention enforced by location monitoring (defendant permitted to self-install the monitoring equipment), defendant must reside with sister in Valley Cottage, New York; refrain from contact with potential witnesses or victims in this investigation unless in the presence of counsel; refrain from possession of a firearm,

destructive device, or other dangerous weapon; surrender any firearms at the residence (Valley Cottage, NY residence included) to the local police department and provide verification of the same; mental health evaluation/treatment as directed; the defendant shall be permitted to remain in possession of one internet capable device that will be subject to computer monitoring by pretrial services; defendant must comply with the requirement of the Cybercrime Management Program as directed by pretrial services; defendant must allow pretrial services to configure, manage and/or install monitoring software on any approved (internet-capable) device; defendant's internet is restricted to computer devices approved, monitored and/or managed by pretrial services; refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner; refrain from any form of unsupervised contact with minors, including telephonic or online communication, with the exception of biological children, visits to be supervised by an adult until Child Protective Services investigation is complete and approves unsupervised visits; all devices with internet access in sister's home must be password protected, passwords are not to be shared with the defendant; pretrial services to report any violations to Judge McCarthy in addition to the duty magistrate.

      2.      Jane White, Esq., attorney for the defendant, has since been engaging in preliminary discussions with the Government concerning a possible disposition of this case without trial, and those discussions are ongoing. The Government hereby requests that a continuance of 28 days be granted, during which time we may pursue further discussions.

      3.      On September 11, 2025, Ms. White, counsel for the defendant, agreed by electronic mail on behalf of the defendant that the requested continuance of 28 days is appropriate in these circumstances.

4.  For the reasons stated above, the ends of justice served by the granting of the continuance requested outweigh the best interests of the public and defendant in a speedy trial.

5.  Pursuant to Title 28, United States Code, Section 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 12, 2025.

_____
CARMI SCHICKLER
Assistant United States Attorney